IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD L. RASMUSSEN,                                            No. 2:07-CV-02152-NRS

    vs.

D.K. SISTO, WARDEN

## ORDER

The Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (habeas petition) now comes before the court for decision. The court dismisses Petitioner's habeas petition.

## BACKGROUND

Because the parties are familiar with the factual background of this case, the court highlights here only the events giving rise to the current federal action. Petitioner was convicted of first degree murder and sentenced to a term of life in prison in 1972. His guilt in the matter is not in dispute. On January 19, 2006, the California Board of Parole Hearings ("BPH") found Petitioner unsuitable for parole. Subsequently, Petitioner sought habeas relief in Santa Clara County Superior Court, arguing that the BPH's denial of his parole violated his federal Due Process rights. The court denied his petition as well as his subsequent motion for reconsideration. Petitioner then sought review in the California Court of

1  Appeal and the California Supreme Court.  Both denied relief.  He then filed his
2  current federal action.  On January 26, 2010, the court issued an administrative stay
3  on this case pending the Ninth Circuit's decision in *Hayward v. Marshall*, 603 F.3d
4  546 (9th Cir. 2010) (en banc).  This court now lifts that stay and decides this
5  matter.

## HABEAS PETITION

7  In his habeas petition, Petitioner alleged four grounds for habeas relief,
8  which really collapse into two:  (1) his Due Process rights were violated when the
9  BPH found him unsuitable for parole in the absence of "some evidence" of future
10 dangerousness; and (2) the BPH's use of a parole law enacted subsequent to his
11 conviction violated the Ex Post Facto clause.  Both arguments fail, and the court
12 dismisses Petitioner's habeas petition without prejudice.

13 This Court may entertain a petition for writ of habeas corpus "in behalf of a
14 person in custody pursuant to the judgment of a State court only on the ground that
15 he is in custody in violation of the Constitution or laws or treaties of the United
16 States."  28 U.S.C. § 2254(a).

17 Under the Anti-Terrorism and Effective Death Penalty Act of 1996
18 ("AEDPA"), an application for habeas corpus will not be granted unless the
19 adjudication of the claim "resulted in a decision that was contrary to, or involved
20 an unreasonable application of, clearly established Federal law, as determined by
21 the Supreme Court of the United States;" or "resulted in a decision that was based
22 on an unreasonable determination of the facts in light of the evidence presented in
23 the State court proceeding."  28 U.S.C. § 2254(d).  "[A] federal habeas court may
24 not issue the writ simply because that court concludes in its independent judgment
25 that the relevant state-court decision applied clearly established federal law
26 erroneously or incorrectly."  *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)

(quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)).  "Rather, that application must be objectively unreasonable." *Id.* at 76.

For purposes of AEDPA review, this court looks to the last reasoned state court decision as the basis for the state court judgment.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  The Santa Clara Superior Court's decision constitutes the last reasoned state court decision in this case, as both the Court of Appeal and the California Supreme Court summarily dismissed Petitioner's habeas petition.  Thus, the Court must determine whether the Superior Court's denial of Petitioner's habeas petition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A.  Whether the BPH's Parole Suitability Finding Warrants Habeas Relief

Petitioner argues that the BPH erroneously found him unsuitable for parole, because it based its decision entirely on the commitment offense and not on whether Petitioner poses a current threat to public safety.  The court disagrees.

The Ninth Circuit recently held that "[i]t is . . . our obligation . . . to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by 'some evidence' of his current dangerousness.  Under AEDPA, this means that we review 'whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an unreasonable application of the California some evidence requirement, or was based on an unreasonable determination of the facts in light of the evidence." *Pearson v. Muntz*, 606 F.3d 606, 611 (9th Cir. 2010) (citing *Hayward v. Marshall*, 603 F.3d 546, 563 (9th Cir. 2010) (en banc) (internal

1  quotation marks omitted)).

2  In *Hayward*, the Ninth Circuit clarified California's "some evidence" standard. "Under California law, denial of parole must be supported by 'some evidence,' but review of the [BPH's] decision is 'extremely deferential.'" *Hayward*, 603 F.3d at 562 (footnote omitted). "The crucial determinant of whether the prisoner gets parole in California is 'consideration of the public safety." *Id.* at 561 (footnote omitted). "Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'" *Id.* at 562 (quoting *In re Lawrence*, 190 P.3d 535, 539 (Cal. 2008)).

The Superior Court's decision was not an unreasonable application of the California "some evidence" standard. The BPH found Petitioner unsuitable for parole based on: (1) the heinous nature of the crime; (2) Petitioner's history of drug abuse and his *current* failure to attend drug abuse programs; (3) his lack of insight into the crime; and (4) a 2001 disciplinary report (for not showing up to work). Pet. Exh. B. pgs. 75–82. This was not an unreasonable conclusion. The BPH focused on these elements to find that, though Petitioner's behavior had significantly improved over his time in prison, these elements still evidenced that Petitioner posed too much of a threat to public safety. Pet. Exh. B. pgs. 82. Petitioner was involved in drugs at the time of his commitment offense, and thus the BPH was concerned that anything less than near perfect attendance in a drug rehabilitation program could lead to further incidents of violence. Pet. Exh. B. p. 71, 76–77. The heinous nature of the crime and the lack of insight into the crime provided further reason to believe that anything less than an exemplary record would not sufficiently guarantee that Petitioner would not relapse into violent crime.

Moreover, the BPH's focus on the heinous nature of Petitioner's crime and failure to show remorse and insight into the crime does not doom the BPH's finding. In *In re Shaputis*, 190 P.3d 573, 584 (Cal. 2008), the California Supreme Court held that the nature of the commitment offense may provide "some evidence" of future dangerousness. Specifically, it held that, because the intentional nature of the Petitioner's crime in that case offered insight into the Petitioner's future conduct, it could provide the requisite "some evidence." *Id.* The court distinguished those cases where the commitment offense was an isolated incident that was unlikely to reoccur, in which case focus on the commitment offense would be inappropriate. *Id.* The court also noted that a petitioner's lack of insight into the commitment offense could further provide "some evidence" of future dangerousness to the public. The present case is consistent with *Shaputis*. The BPH noted that, based on the intentional nature of the crime, there was reason to think that Petitioner could pose future danger to the public in the absence of a cleaner disciplinary and more consistent drug rehabilitation program. Pet. Exh. B. pgs. 75–82; *see also* Pet. Exh. B. pg. 71.

Even were the court to disagree with the BPH's finding, the court is bound by its limited review. The California Supreme Court declared:

> [T]he precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the [BPH] . . . It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole. As long as the [BPH's] decision reflects *due consideration of the specified factors* as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the [BPH's] decision.

*In re Shaputis*, 190 P.3d at 585 (internal quotation marks and citation omitted).

Here, the BPH conducted a detailed hearing, in which it acknowledged both

5

the factors weighing in favor of, and against, a finding of parole suitability. In light of the BPH's thorough hearing and the reasonable considerations of public safety, the court defers to the BPH's finding and the Superior Court's affirmation of it. The court denies Petitioner's claim for habeas relief.

B. <u>Whether the BPH's Use of a 1979 Regulation to Determine Petitioner's Suitability for Parole Violated the Ex Post Facto Clause</u>

Petitioner also argues that the BPH's application of the Determination Sentencing Law ("DSL") in his parole suitability hearing violated the Ex Post Facto Clause of the United States Constitution, because at the time of his conviction he was subject to the Indeterminate Sentencing Law ("ISL"). This argument fails.

The Ninth Circuit has previously rejected this argument, agreeing with two previous California cases that both held that the application of DSL guidelines to determine the parole suitability of an inmate sentenced under the ISL did not violate the Ex Post Facto Clause. *Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992) ("We agree with the California courts that have considered the issue and hold that the application of the DSL parole-suitability guidelines to prisoners sentenced under the ISL does not disadvantage them, and therefore does not violate the federal constitutional prohibition against *ex post facto* laws.") (citing *In re Duarte*, 193 Cal. Rptr. 176, 181 (Ct. App. 1983), and *In re Seabock*, 189 Cal. Rptr. 310, 317–18 (Ct. App. 1983)). The court denies habeas relief on this ground.

C. <u>Respondent's Duty to Produce Documents</u>

The record before the court is sufficient to conclude that petitioner is not entitled to habeas relief. Therefore, the court sees no need to order any further document production.

Accordingly, IT IS HEREBY ORDERED that:

Petitioner's habeas petition is dismissed on all grounds without prejudice.

DATED: **September 27, 2010**

*/s/ N. Randy Smith*

―――――――――――――――――――

Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge